IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MATTHEW PULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 25-cv-03034-LKG |
| v. | ) |
| | ) Dated: June 18, 2026 |
| OFFICE DEPOT, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

In this civil action, the Plaintiff, Matthew Pullen, brings claims for wrongful discharge in violation of public policy and intentional infliction of emotional distress, arising from the termination of his employment with the Defendant, Office Depot, LLC ("Office Depot"). *See generally* ECF No. 1. Office Depot has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 10 and 10-1. The motion is fully briefed. ECF Nos. 10, 10-1, 11 and 12. For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** Office Depot's motion to dismiss (ECF No. 10) and (2) **DISMISSES** Count II of the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

The Plaintiff brings claims for wrongful discharge in violation of public policy and intentional infliction of emotional distress against Office Depot, arising from the termination of his employment with Office Depot. ECF No. 1 at ¶¶ 46-58. As relief, the Plaintiff seeks to recover monetary damages and attorneys' fees from Office Depot. *Id*. at Prayer for Relief.

The Parties

Plaintiff Matthew Pullen is a Maryland resident, and he was employed by Office Depot at an Office Depot store located in Prince Frederick, Maryland. *Id*. at ¶ 3.

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendant's motion to dismiss and memorandum in support thereof, the Plaintiff's response in opposition, and the Defendant's reply brief. ECF Nos. 1, 10, 10-1, 11 and 12.

Defendant Office Depot is a Delaware corporation, with its principal place of business located in Florida and the company is registered to do business in Maryland. *Id*. at ¶ 4.

The Plaintiff's Employment

In 2022, the Plaintiff was hired by Office Depot at store No. 2535, which is located in Prince Frederick, Maryland. *Id.* at ¶ 12. In the spring of 2024, the Plaintiff's general manager selected him for the position of TSA PreCheck enrollment agent, which required the Plaintiff to undergo TSA background investigations, security clearance procedures, and certification training. *Id.* at ¶¶ 14-16.

As a part of the Plaintiff's training for this position, the Plaintiff was required to be compliant with the Privacy Act of 1974, and the Plaintiff signed a confidentiality agreement stating that he understood and agreed to protect TSA PreCheck applicants' personally identifiable information ("PII"), and the Plaintiff was warned that he could be subject to criminal penalties for disclosing applicants' PII without consent. *Id.* at ¶¶ 16-18.

The Plaintiff alleges that, on June 18, 2025, the day that the TSA PreCheck program was implemented at store No. 2535, his supervisor, GM Ruiz, ordered him to "cautiously" use the TSA applicants' PII to create unauthorized Office Depot rewards accounts that would economically benefit GM Ruiz. *Id.* at ¶¶ 25-26. The Plaintiff also alleges that he refused to comply with GM Ruiz's request, because he did not want to be subject to criminal penalties and fines, pursuant to 5 U.S.C. §§ 552a(i) and (m), and federal laws prohibiting the unauthorized access to, and misuse of, personal data. *Id.* at ¶¶ 27-28.

The Plaintiff alleges that, on June 19, 2025, GM Ruiz again asked him to create unauthorized Office Depot rewards accounts using applicants' PII, to which the Plaintiff again refused. *Id.* at ¶¶ 29-30. The Plaintiff further alleges that on that same day, another employee with Office Depot filed an anonymous report about GM Ruiz's scheme. *Id.* at ¶ 31. And so, Office Depot conducted an internal investigation regarding the anonymous report. *Id.* at ¶ 33.

As part of that investigation, the Office Depot Associate Relations Department texted the Plaintiff, asking him if the allegations against GM Ruiz were true, to which the Plaintiff responded: "yes to your question miss Parker." *Id.* at ¶¶ 34-36. On May 2, 2025, the Plaintiff informed GM Ruiz that he was having a relationship with a subordinate employee—Ms. Buckholz. *Id.* at ¶ 43. In this regard, the Plaintiff alleges that after he returned from his eight-day vacation on July 21, 2025, GM Ruiz asked him about his relationship with Ms. Buckholz. *Id.* at ¶ 40.

On July 25, 2025—five weeks after the Plaintiff alleges that he refused to participate in GM Ruiz's alleged scheme—Office Depot terminated the Plaintiff's employment. *Id.* at ¶ 41. Office Depot claimed that the Plaintiff was terminated, because he violated Office Depot's fraternization policy. *Id.* at ¶ 42.

Given this, the Plaintiff alleges that: (1) he was wrongfully discharged in violation of Maryland public policy (Count I) and (2) his wrongful discharge constitutes an intentional infliction of emotional distress (Count II). *Id.* at ¶¶ 46-58. And so, the Plaintiff seeks to recover monetary damages and attorney's fees from Office Depot. *Id.* at Prayer for Relief.

### B.    Relevant Procedural Background

The Plaintiff commenced this civil action on September 12, 2025. ECF No. 1. On October 8, 2025, the Defendant filed a motion to dismiss, and memorandum in support thereof, pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 10 and 10-1.

On October 22, 2025, the Plaintiff filed a response in opposition to the Defendant's motion. ECF No. 11. The Defendant filed a reply brief on November 4, 2025. ECF No. 12.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B.    Wrongful Termination

Maryland law "recognize[s] a cause of action for abusive discharge by an employer of an at will employee when the motivation for the discharge contravenes some clear mandate of public policy." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 473 (Md. 1981); *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 150 (4th Cir. 2002).  To establish a wrongful discharge claim a plaintiff must show: (1) that "[he] was discharged"; (2) "that the basis for h[is] discharge violated a clear mandate of public policy"; and (3) "that there is a nexus between h[is] conduct and h[is] employer's decision to discharge h[im]." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 843 (D. Md. 2016) (citing *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002)).  And so, with regards to the second element of a wrongful discharge claim:

> Maryland courts have stressed that in order for a mandate of public policy to be well-established enough to form the basis of a wrongful discharge action, there must be a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question so as to make the public policy on the relevant topic not a matter of conjecture or interpretation.

*Szaller*, 293 F.3d at 151 (internal quotation and citation marks omitted).

## IV.   ANALYSIS

Office Depot argues in its motion to dismiss that the Court should dismiss the Plaintiff's wrongful discharge claim (Count I), pursuant to Fed. R. Civ. P. 12(b)(6), for the following two reasons: (1) the complaint fails to sufficiently allege facts to show that Office Depot violated a clear mandate of public policy and (2) the complaint fails to sufficiently plead a causal nexus between the Plaintiff's refusal to engage in the alleged conduct and his termination.  ECF No. 10-1 at 6-9.  Office Depot also argues that the Court should dismiss the Plaintiff's intentional infliction of emotional distress claim (Count II), because: (1) the complaint does not allege facts to show extreme or outrageous conduct and (2) the Plaintiff fails to plead facts to show that his emotional distress was sufficiently severe.  *Id.* at 9-11.  And so, Office Depot requests that the Court dismiss the complaint.  *Id.* at 11-12.

In his response in opposition to Office Depot's motion, the Plaintiff acknowledges that he has not sufficiently alleged facts to show the severe or outrageous elements of his intentional infliction of emotional distress claim.  ECF No. 11 at 7.  But the Plaintiff argues that the Court should not dismiss his wrongful discharge claim, because: (1)

adhering to GM Ruiz's demands for disclosure of TSA PreCheck applicants' PII would have required that he commit criminal acts, in violation of clear public policy and (2) the complaint sufficiently alleges facts to show a strong causal nexus between his activities protected by 5 U.S.C. § 552a(i)(1) and the termination of his employment. ECF No. 11 at 7-12. And so, the Plaintiff requests that the Court deny Office Depot's motion to dismiss with respect to his wrongful discharge claim. *Id*. at 12.

For the reasons that follow, the Court agrees with the parties that the Plaintiff fails to state a claim for intentional infliction of emotional distress in Count II of the complaint. A careful reading of the complaint makes clear, however, that the Plaintiff states a plausible claim for wrongful discharge in violation of public policy, because the complaint alleges facts that show that: (1) the Plaintiff was terminated by Office Depot; (2) the Plaintiff's discharge violates a clear mandate of public policy; and (3) there is a causal nexus between the Plaintiff's protected activities and his termination. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART the Defendant's motion to dismiss (ECF No. 10) and (2) DISMISSES Count II of the complaint.

### A. The Plaintiff Fails To State An Intentional Infliction Of Emotional Distress Claim

As an initial matter, a careful reading of the complaint makes clear that Plaintiff fails to state an infliction of emotional distress claim. To state a plausible claim for intentional infliction of emotional distress, the Plaintiff must allege facts to show that: (1) Office Depot engaged in intentional or reckless conduct; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and his emotional distress; and (4) the emotional distress was severe. *Walters v. Cheesecake Factory Rests. Inc.*, 763 F. Supp. 3d 716, 721 (D. Md. 2025). In this case, the Plaintiff concedes that the complaint lacks sufficient factual allegations to establish the outrageous and severe elements of his intentional infliction of emotional distress claim. ECF No. 11 at 7. And so, the Court DISMISSES Count II of the complaint. Fed. R. Civ. P. 12(b)(6).

### B. The Plaintiff States A Claim For Wrongful Discharge

The Court is, however, satisfied that the Plaintiff states a plausible wrongful discharge claim in the complaint. To state a wrongful discharge claim under Maryland law, the Plaintiff must allege facts to show that: (1) he was discharged; (2) the basis for his discharge violates some clear mandate of public policy; and (3) there is a nexus between his conduct and the employer's decision to fire him. *See Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 843 (D. Md. 2016). In this case, it is undisputed that the Plaintiff alleges facts in the

complaint to show that Office Depot terminated his employment.  ECF No. 1 at ¶ 41; ECF No. 10-1 at 4.  And so, the Court considers whether the complaint also alleges sufficient facts to establish the second and third elements of the Plaintiffs wrongful discharge claim.

A careful reading of the complaint shows that the Plaintiff alleges sufficient facts to identify a clear mandate of public policy to support his wrongful discharge claim.  The United Sates Court of Appeals for the Fourt Circuit has held that, for a wrongful discharge claim to survive a motion to dismiss, there must be some allegations of a clear mandate of public policy.  *See Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 150 (4th Cir. 2002).  In this regard, the mandate of public policy must derive from "a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question so as to make the public policy on the relevant topic not a matter of conjecture or interpretation."  *Id.* at 151 (quoting *Porterfield v. Mascari II, Inc.*, 788 A.2d 242, 245 (2002)).

Maryland courts have also held that an employee's refusal to commit an illegal act is sufficient to state a claim for wrongful termination.  *See Kessler v. Equity Management, Inc.*, 572 A.2d 1144, 1150-51 (Md. Ct. Spec. App. 1990); *Insignia Residential Corp v. Ashton*, 755 A.2d 1080, 1086-87 (2002).  And so, here, the Plaintiff must allege facts in the complaint that specifically identify a clear mandate of public policy that he refused to violate, leading to his wrongful termination.  *See Szaller*, 293 F.3d at 151.

In this case, the Plaintiff relies upon the Privacy Act of 1974, 5 U.S.C. § 522a, to support his wrongful discharge claim.  *See* ECF No. 1 at ¶¶ 8-10.  Specifically, the Plaintiff cites to Section 522a(i)(3) of the Privacy Act in the complaint.  *Id.* at ¶ 9.  The Plaintiff also alleges in the complaint that the basis for his discharge violates a clear mandate of law, because he could be subject to criminal charges arising from Sections 522a(i) and (m) of the Privacy Act, including Section 522a(i)(1).  *See id.* at ¶¶ 8-10, 27 and 48.

Notably, Section 522a(i)(1) prohibits employees with access to agency records, "by virtue of [their] employment," from willfully disclosing PII, "the disclosure of which is prohibited by this section or by rules or regulations established thereunder."  5 U.S.C. § 522a(i)(1).  This provision also provides that any employee who discloses such information "shall be guilty of a misdemeanor and fined not more than $5,000."  *Id*.

Given this, the Court is satisfied that the Plaintiff has identified a clear mandate of public policy that he would have violated, if he had complied with GM Ruiz's request to disclose the TSA PreCheck applicants' PII.  And so, the Plaintiff has sufficiently alleged facts to support the second element of his wrongful discharge claim.

6

Turning to the third element of this claim, the Court is also satisfied that the complaint alleges sufficient facts to show a causal nexus between his refusal to disclose applicants' PII in violation of the Privacy Act and the termination of his employment with Office Depot.  In the complaint, the Plaintiff alleges that only five weeks elapsed between the time that he refused to comply with GM Ruiz's requests and his termination.  *See* ECF No. 1 at ¶ 41; ECF No. 11 at 11.  The Plaintiff also alleges that another employee filed an anonymous report about GM Ruiz's directive to misappropriate TSA PreCheck data, on June 19, 2025.  ECF No. 1 at ¶ 31.

In addition, the Plaintiff alleges that Office Depot conducted an internal investigation, during which Office Depot contacted the Plaintiff on July 2, 2025, and that the Plaintiff confirmed GM Ruiz's request that he misappropriate TSA PreCheck data.  *Id.* at ¶¶ 33-37. These factual allegations, taken as true, show a causal nexus between the Plaintiff's refusal to disclose the PII of TSA PreCheck applicants and the termination of his employment.

Given this, the Plaintiff states a plausible claim for wrongful discharge in violation of public policy in Count I of the complaint.  Fed. R. Civ. P. 12(b)(6).  And so, the Court DENIES Office Depot's motion to dismiss this claim.

## V.    CONCLUSION

For the foregoing reasons, the Court:

    (1)    **GRANTS-in-PART** and **DENIES-in-PART** the Defendant's motion to dismiss (ECF No. 10); and

    (2)    **DISMISSES** Count II of the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

7